**[J-69-2024] [MO: McCaffery, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 34 WAP 2023 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered June 22, |
| | : | 2023, at No. 519 WDA 2022, |
| v. | : | Reversing the Order of the Court of |
| | : | Common Pleas of Allegheny County |
| | : | entered April 18, 2022, at No. CP- |
| KEITH LAMAR FOSTER, | : | 02-CR-006450-2021, and |
| | : | remanding. |
| Appellant | : | |
| | : | ARGUED:  October 10, 2024 |

**CONCURRING OPINION**

**JUSTICE WECHT**                                                            **DECIDED: MARCH 20, 2025**

I agree that Keith Foster's statement was not made involuntarily for purposes of the Fifth Amendment to the United States Constitution.[1]  The Supreme Court of the United States has ruled that, while lies and deceptive tactics are "relevant" factors within a "totality of the circumstances" test, they are "insufficient" standing alone to render an "otherwise voluntary confession inadmissible."[2]  Foster's proposed rule—that a statement is given involuntarily whenever the suspect is "stripped of [an] understanding of his status as a suspect"[3]—is therefore foreclosed by United States Supreme Court precedent.

---

[1]     U.S. CONST. amend. V ("No person shall . . . be compelled in any criminal case to be a witness against himself[.]").

[2]     *Frazier v. Cupp*, 394 U.S. 731, 739 (1969).

[3]     Brief for Foster at 21.

I write separately to underscore the narrowness of today's decision. Foster did not preserve a distinct claim that his statement to Detective Sellers was involuntary under Article I, Section 9 of the Pennsylvania Constitution.[4] Our ruling today does not address whether a circumstance in which a law enforcement officer falsely tells a suspect that he is not a suspect would render a subsequent confession involuntary under the Pennsylvania Constitution. As Foster notes, some state courts interpreting their own state constitutions have held that police deception regarding whether the interviewee is a suspect may—even standing alone—render any subsequent confession involuntary.[5] I agree with the Majority here that the question of whether the Pennsylvania Constitution imposes similar limits "appears worthy of our review in another case."[6]

I also emphasize that today's decision does not purport to answer the question of whether law enforcement officers *ought* to be permitted to deceive suspects. Although Detective Sellers' false assurances in this case did not render Foster's statement involuntary under the Fifth Amendment, allowing officers to deceive interviewees may well be unwise. The Pennsylvania Association of Criminal Defense Lawyers argues that

---

[4]     *See* PA. CONST. art. I, § 9 ("In all criminal prosecutions the accused . . . cannot be compelled to give evidence against himself[.]"). As the Majority details, Foster waived his state constitutional claim because he did not comply with *Commonwealth v. Bishop*, 217 A.3d 833 (Pa. 2019), which held that litigants in this situation must "assert in the trial court that the state constitutional provision at issue should be interpreted more expansively than the federal counterpart *and* provide reasons for interpreting the state provision differently from the federal provision." *Id.* at 840 (quoting the New Mexico Supreme Court's decision in *State v. Gomez*, 932 P.2d 1 (N.M. 1997), for reasons that still elude me). As I explained in *Bishop*, this issue-preservation regime "makes an *Edmunds* analysis a *de facto* prerequisite for preserving departure claims," even though our Court has held that an *Edmunds* analysis is not required. *Id.* at 850 (Wecht, J., dissenting). I continue to believe that the *Bishop* rule serves no legitimate purpose.

[5]     Brief for Foster at 39 n.18 (citing decisions from Colorado, Hawaii, Indiana, Kansas, Montana, and Oregon).

[6]     Majority Opinion at 10 n.9.

the use of deception in interrogations "threatens police legitimacy" and "is at the core of a significant number of wrongful convictions."[7]  PACDL further contends that, given the "growing scientific understanding" of the link between police deception and false confessions, "it no longer makes sense to excuse deception."[8]  PACDL notes that, in recognition of this link between police deception and false confessions, several states have enacted statutes prohibiting police officers from lying to minors during interrogations.[9]

Given these concerns, today's decision should not be interpreted as endorsing the practice of deceiving or tricking suspects during interrogations.  Today, we apply the United States Supreme Court's Fifth Amendment jurisprudence.  That the United States Constitution tolerates a practice does not necessarily mean that the practice is wise.  The federal constitutional floor could always be raised.  Our sister branches would be well within their ambit of authority to enact legislation prohibiting interrogation tactics (even constitutionally permissible ones) that risk generation of false confessions.  Today's decision does not foreclose the possibility of such reforms.

---

[7]    *Amicus Curiae* Brief for PACDL at 12, 3.

[8]    *Id.* at 18.

[9]    *Id.* at 20-22; *see*, *e.g.*, CAL. WELF. & INST. CODE § 625.7(a) ("During a custodial interrogation of a person 17 years of age or younger relating to the commission of a misdemeanor or felony, a law enforcement officer shall not employ threats, physical harm, deception, or psychologically manipulative interrogation tactics."); DEL. CODE tit. 11 § 2022(b)(1) ("[A] statement of a person, who at the time of the interrogation was under 18 years of age, is inadmissible in any criminal or delinquency court proceeding if it was made during a custodial interrogation in which deceptive tactics were used."); OR. REV. STAT. § 133.403(1) ("A statement made by a person during a custodial interview conducted by a peace officer is presumed to be involuntary if the person is under 18 years of age and . . . the court determines that the peace officer intentionally used information known by the officer to be false to elicit the statement.").

These additional points aside, I agree with today's Majority that falsely telling a suspect that he is not a suspect, by itself, does not render the suspect's resulting statements involuntary under the Fifth Amendment. Thus, I join the Majority opinion.

Justice Donohue joins this concurring opinion. Justice Dougherty joins this concurring opinion except for footnote 4.